UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WANDER F. RODRIGUES | ECF CASE |
| Plaintiff | Case Number: |
| vs. | CIVIL COMPLAINT |
| CITI FINANCIAL, INC. | |
| & | |
| ERS SOLUTIONS, INC. | |
| Defendants | JURY TRIAL DEMANDED |

**CV 11-2617**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 31 2011 ★
BROOKLYN OFFICE

ROSS, J.
REYES, M.J

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Wander Rodrigues, by and through his undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.  Plaintiff, Wander Rodrigues, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendant, ERS Solutions, Inc. for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, and violations and ERS Solutions and Citi Financial, Inc. both for Breach of Contract.

### II. JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.    Venue in this District is proper in that Defendant maintains an address in this District and conducts business in this District.

## III.  PARTIES

4.    Plaintiff, Wander Rodrigues, is an adult natural person residing at 15054 SW 54th Street, Miramar, Florida 33027. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.    Defendant, Citi Financial, Inc. ("Defendant, Citi"), at all times relevant hereto, is and was a banking corporation engaged in the business of offering credit and collecting on that said credit within but not limited to the States of Florida and New York with a primary address located at 399 Park Avenue, New York, New York 14614-1928.

6.    Defendant, ERS Solutions, Inc., ("Defendant, ERS"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Florida and the State of Washington, with a principal place of business located at 800 SW 39th Street, Renton, Washington 98055.

7.    Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendant, ERS, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

8.    Plaintiff received a collection call from Defendant, ERS, in or about August, 2010, collecting on a debt allegedly owed to Defendant, Citi Financial, Inc.

9. Defendant, ERS, stated that the Plaintiff owed a balance of $7096.70

10. At that time, Plaintiff informed Defendant, ERS, that he had retained the services of personal legal counsel to help aid him in his debt settlement negotiations and asked Defendant, ERS to please call his attorney directly in this matter.

11. Defendant, ERS, refused to work with Plaintiff's attorney and insisted that the Plaintiff work with Defendant, ERS, personally.

12. Plaintiff did as Defendant, ERS, instructed and settled the account with Defendant, NES, directly.

13. Defendant, ERS, offered the Plaintiff a settlement amount of $2,930.00.

14. Defendant, ERS, demanded that the settlement amount be paid in two (2) installments of $1,465.00.

15. Plaintiff issued both automatic payments to Defendant, ERS, as agreed upon.

16. Defendant, ERS, accepted and deposited both payments.

17. On or about December 3, 2010, Plaintiff received notice from Defendant, ERS, that Plaintiff's account was "settled in full" as per Defendant, NES's, records. **See "EXHIBIT A" (notice) attached hereto**.

18. On or about November 09, 2010, Plaintiff received a monthly statement from Defendant, Citi, which posted a credit of $2,930.00 made by the Plaintiff however it still listed an account balance of $4,166.70.

19. Plaintiff continues to receive monthly statements from Defendant, Citi, collecting the remaining balance due on Plaintiff's account.

20. In or about December, 2010, Plaintiff contacted Defendant, ERS, to find out why Defendant, Citi, is still trying to collect the original full balance due after the account had been settled.

21. Defendant, ERS, informed the Plaintiff that it could take some time for Defendant, Citi, to report the settlement.

22. Defendant, ERS, insists that Defendant, Citi, was fully aware of the settlement arrangement made with the Plaintiff.

23. On or about April 11, 2011, Plaintiff contacted Defendant, Citi, regarding the account, Defendant, Citi, informed the Plaintiff that their records do not reflect Plaintiff's account as settled and that Defendant, Citi, would continue to collect the balance due on this account.

24. Defendant, Citi, has clearly credited Plaintiff's settlement payments issued to Defendant, ERS, as regular monthly payments towards the original balance of $7,096.70.

25. Plaintiff avers that Defendant, Citi, made an offer, through its collection agent, Defendant, ERS, to report the account as settled in full with a zero balance if the Plaintiff paid the sum of $2,930.00.

26. Defendant, ERS and Defendant, Citi, were in breach of their contract when they promised the Plaintiff the opportunity to participate in an agreed upon settlement for this account and then failed to fulfill their obligations at no fault of the Plaintiff.

27. The Defendant, ERS, knew or should have known that their actions violated the FDCPA. Additionally, Defendant, ERS, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

28. At all times pertinent hereto, Defendant, ERS, was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant, ERS, herein.

29. At all times pertinent hereto, the conduct of Defendant, ERS, as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

30. As a result of Defendant, ERS's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

### Plaintiff v. ERS

31. The above paragraphs are hereby incorporated herein by reference.

32. At all times relevant hereto, Defendant, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

33. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

    §§ 1692d:    Any conduct the natural consequence of which is to harass, oppress, or abuse any person

    §§ 1692e:    Any other false, deceptive, or misleading representation or means in connection with the debt collection

| | |
|---|---|
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, ERS Solutions, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## BREACH OF CONTRACT

### Plaintiff v. ERS and Citi

38. The above paragraphs are hereby incorporated herein by reference.

39. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, ERS and Citi, promised to Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

40. Defendant, ERS and Defendant, Citi, are in breach of their contract.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, ERS and Citi, for the following:

a. Actual damages;

b.  Statutory damages pursuant to 15 U.S.C. § 1692k;

c.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: May 17, 2011**

**BY:** _____
Bruce K. Warren, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA 19046
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff
bkw@w-vlaw.com

# EXHIBIT "A"

# MERS

A Convergent Company   *A CRI Company*
800 SW 39TH ST
Renton, Washington
98055
800-444-8485

December 3, 2010

70438310
Wander Rodriguez
15054 SW 54th St
Miramar, FL 33027

| | |
|---|---|
| Client Name: | Citi Financial Services |
| Account Number | 672009130170994 |
| Amount Paid: | $2930.00 |

Dear Sir or Madam:

The above referenced account was "Settled- In – Full" as per our records on 10-15-10

Any questions regarding this matter should be directed to (800) 444-8485.

Sincerely,
*D. White*

Account Representative

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**